GRIFFIN, Judge,
concurring specially.
I write only to emphasize that the “further proceedings” in this case should entail more than mere amendment of the form of order. I do not believe the current record would support a finding of willfulness. In my view a “willfulness” finding, under the circumstances of this case, requires a record basis to conclude that appellant was informed of the discovery request, was advised or otherwise knew of her obligation to timely respond, and was made aware of the court’s June 19, 1990 order directing appellant to answer the interrogatories. The only apparent basis for a “willfulness” finding was the recollection of appellee’s counsel (and possibly the court’s as well) that, prior to closing his Florida practice and moving to Illinois, when appellant’s prior attorney had appeared at the hearing on the motion for contempt and default, he had blamed the lack of response to discovery on appellant’s failure to contact him. If the “willfulness” finding had been made at the time of that hearing based upon counsel’s representations made on the record,[1]1 would agree with the trial court’s decision to refuse to vacate the default. The court was entitled to rely on the representations of appellant’s agent. In such a case, I would also agree with the court’s observation that it was appellant who had the burden to produce Mr. Garlovsky to refute or retract his prior statements to the court. However, because the contempt order was faulty, due to a lack of a “willfulness” finding, and because there was no record support for any finding of willfulness, the motion to set aside the default should have been granted. At this new contempt hearing appellee cannot rely on any recollection of these prior unrecorded statements. Faced with appellant’s showing of lack of willfulness, appellee will have to produce Mr. Garlovsky’s testimony (or *1209 documentary evidence such as communications with appellant from Mr. Garlovsky’s files) to rebut appellants proof.

. If there are transcripts of these statements they are not part of the record.